# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BERNARD COUTU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:17-cv-01492 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| BRIDGESTONE AMERICAS, INC. and | ) MAGISTRATE JUDGE NEWBERN |
| BRIDGESTONE AMERICAS TIRE | ) |
| OPERATIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

Pending before the Court is Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 58). Plaintiff filed a response (Doc. No. 61) and Defendants' filed a reply (Doc. No. 66). For the reasons stated below, Defendants' motion is **DENIED**.

Plaintiff brings this case under ERISA, 29 U.S.C. ch. 18, alleging claims relating to his medical and retirement benefits. On August 13, 2019, the Court issued an Order granting summary judgment in favor of Defendants on all claims except for the retaliation claim. (Doc. No. 52). Through the current motion, Defendants assert the Court does not have subject matter jurisdiction over the remaining claim because: (1) Plaintiff is seeking compensatory and punitive damages and these damages are unavailable for this claim under the ERISA statute; and (2) there is no equitable relief the court could order that would redress Plaintiff's retaliation claim. Defendants conclude that because the remaining claim lacks redressability, Plaintiff does not have constitutional standing, and thus the Court lacks subject matter jurisdiction.

1

# I. STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *Gentek*, 491 F.3d at 330). District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).

Defendants allege that the "facts developed in discovery" preclude relief in this case, thus the Court will consider this challenge a "factual" attack on jurisdiction. However, as discussed

below, the Court does not find it necessary to weigh the evidence as the Court's determination of subject-matter jurisdiction is not grounded in resolution of any factual controversy.

## II. ANALYSIS

Plaintiff's retaliation claim is brought under ERISA Section 510, which is exclusively enforced through ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3). *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 145 (1990) (finding Section 502(a) is the "exclusive remedy for vindicating § 510-protected rights"); *Millsap v. McDonnell Douglas Corp*., 368 F.3d 1246, 1247 (10th Cir. 2004) ("Section 502(a)(3) of ERISA provides the plan participant with his exclusive remedies for a § 510 violation."). ERISA Section 502(a)(3) provides:

> A civil action may be brought … by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). This provision serves as a "catchall" or "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). What constitutes "appropriate equitable relief" under the statute has been the subject of much debate. *See e.g., Montanile v. Bd. of Tr. of Nat'l. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016); *Great-West Life Inc. & Ann. Ins. Co. v. Knudson*, 534 U.S. 204 (2002); *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993). As discussed below, the Court need not reach the question of whether the Plaintiff has requested relief available under 29 U.S.C. § 1132(a)(3).

The Second Amended Complaint (Doc. No. 27) requests the following relief: "compensatory and/or punitive damages stemming from Defendants' acts of retaliation and

interference; and … any other legal or equitable relief this Court deems just and proper."[1] Defendants argue that compensatory and punitive damages are legal damages unavailable under the ERISA statute and that there is no equitable relief the court can order that would redress the Plaintiff's alleged injury. Relying on the facts developed during discovery, Defendants argue that "regardless of the relief Coutu sought, *no relief is available for the Court to order*." (Def. Reply, Doc. No. 66 at 3; *see also*, Def. Br., Doc. No. 59 at 3 ("his pleading confirms that within the context of the facts that have developed in discovery, given his specific claim, equitable relief if not available")). Defendants conclude "[t]he factual record developed in this case further confirms the lack of available equitable relief for Coutu's remaining § 510 claim, and by extension, the lack of redressability." (Def. Br., Doc. No. 59 at 4). Defendants contend that because there is no relief for the Court to order, Plaintiff does not have Article III standing to bring his claim.

Plaintiff responds that he requested equitable relief in the Second Amended Complaint, but that even if he had failed to do so, under the Sixth Circuit's holding in *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515 (6th Cir. 2006), such an omission would not deprive the Court of subject-matter jurisdiction. Plaintiff asserts that Defendants arguments regarding the availability of equitable relief should have been raised in a motion to dismiss or a motion for summary judgment as it does not raise issues implicating the Court's subject-matter jurisdiction. The Court agrees.

The parties' arguments raise issues regarding various aspects of jurisdiction and standing: (1) whether Plaintiff has Article III standing; (2) whether Plaintiff has a cause of action under the statute (formerly "statutory standing"); and (3) whether Plaintiff has sufficiently pleaded a claim

---

[1] Plaintiff's Proposed Pretrial Order (Doc. No. 64) specifically requests "restitution of back wages and benefits he would have received from January 1, 2018 to December 31, 2018, … plus attorneys' fees and costs." Defendants have objected to Plaintiff's Proposed Pretrial Order but have not filed a motion regarding the Pretrial Order. For purposes of the pending motion, the Court need not reach the question of whether any specific relief is available under 29 U.S.C. § 1132(a)(3).

over which the Court has federal question jurisdiction. Highlighting the susceptibility of these arguments to being confused, Defendants argue that Plaintiff does not have Article III standing because his injury is not redressable by the Court. Plaintiff responds by citing *Primax*, which is a case, not about constitutional standing, but about the court's subject-matter jurisdiction to hear a claim arising under a federal statute. *Primax*, 433 F.3d at 520-21. The cases cited by the parties also consider the question of "statutory standing" when plaintiffs seek a remedy unavailable under the statute and the resulting ramifications on jurisdiction.

The Supreme Court's decision in *Lexmark Int'l., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), is instructive. In *Lexmark*, the court clarified the nature of constitutional standing, statutory standing, and prudential standing. *Id*. at 1386 (noting that the use of the labels "prudential standing" and "statutory standing" is misleading).

## A. Constitutional Standing

Constitutional standing refers to the Article III requirement that federal courts are limited to resolving "cases" and "controversies." The Supreme court has "deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Id*. The redressability element asks not whether Plaintiff is likely to receive the requested relief, but whether the Plaintiff's requested relief is likely to remedy the harm. *See Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) ("A plaintiff must always have suffered a 'distinct and palpable injury to himself' that is likely to be redressed if the requested relief is granted.") (citation omitted); *see also* 32A Am. Jur. 2d § 580 ("One of the elements of the constitutional

requirement of standing is that the plaintiff must demonstrate a distinct and palpable injury that is likely to be redressed if the requested relief is granted. … This test assumes that a decision on the merits would be favorable and that the requested relief would be granted; it then goes on to ask whether that relief would be likely to redress the parties injury.").

The cases cited by Defendants in which courts found lack of redressability are cases seeking injunctive relief where the requested injunctions would not remedy the alleged harms. *See Hill v. Blue Cross Blue Shield of Mich.*, No. 03-cv-40025, 2009 U.S. Dist. LEXIS 26603 at * 47 (E.D. Mich. Mar. 31, 2009) (remedy targeting plan's medical emergency treatment coverage would not redress harm to plaintiff when her injury was related to accidental, not emergency, coverage); *Cox v. Blue Cross Blue Shield of Mich.*, 166 F. Supp. 3d 891, 899 (E.D. Mich. 2015) (no constitutional standing to seek injunctive relief absent a showing of a "non-speculative threat that he [or she] will again experience injury as a result of the alleged wrongdoing"); *Bonewitz v. Cigna Corp.*, No. 3:14-cv-02281, 2015 WL 5794549 (M.D. Tenn. Oct. 2, 2015) (finding no constitutional standing because plaintiff had not pled facts sufficient to establish that the injury was traceable to the defendant and any order directed at defendant would not serve to redress the plaintiff's alleged injury because the defendant had not control over the plan at issue).

Here, Plaintiff has met the case and controversy requirement of Article III. He alleges he was personally injured by the acts of the defendant and seeks equitable and legal relief from the court to remedy that injury. Defendants' argument that the legal remedy Plaintiff seeks is unavailable under the statute does not mean that Plaintiff has failed to present a justiciable claim to the Court. *See Hill*, 2009 U.S. Dist. LEXIS 26603 at * 24 (finding constitutional standing for claims for legal relief under ERISA because "[i]f the various forms of non-injunctive relief were available under § 1132(a)(2) or (3), they would clearly be likely to redress the injuries they allege

to have suffered at [defendant's] hands."). The Court is satisfied that Plaintiff has presented a controversy that meets the "constitutional minimum of standing."

## B. Statutory Cause of Action (Formerly "Statutory Standing")

In addition to Article III standing, courts examine whether the plaintiff has a statutory cause of action. *See Soehnlen v. Fleet Owners Inc. Fund*, 844 F.3d 576, 581 (6th Cir. 2016) (plaintiff must satisfy both constitutional standing (Article III standing) and "whether the particular plaintiff has a cause of action under the statute"). Although this has frequently been referred to as "statutory standing," in *Lexmark*, the Supreme Court clarified that "what has been called 'statutory standing' in fact is not a standing issue, but simply a question of whether the particular plaintiff 'has a cause of action under the statute.'" *Id.* (citing *Am. Psy. Assn. v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)). Under *Lexmark*, what was once referred to as "statutory standing" does not affect the Court's subject matter jurisdiction to hear a case, only whether the plaintiff has a statutory cause of action. *Lexmark*, 572 U.S. at 128 n.4 ("The absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction"); *see also*, *Nw. Airlines, Inc. v. Cty. of Kent*, 510 U.S. 355, 365 (1994) ("The question of whether a federal statute creates a claim for relief is not jurisdictional."); *Galaria v. Nationwide Mutual Ins. Co*., 663 F. App'x 384, 391 (6th Cir. 2016) (concluding the district court erred in dismissing a claim on jurisdictional grounds because "[i]f a plaintiff lacks statutory standing – in other words, does not have a cause of action – the proper course is to dismiss for failure to state a claim"); *Cox*, 166 F. Supp. 3d at 896-99 (motion to dismiss for lack of statutory standing on grounds that the relief sought was unavailable under 29 U.S.C. § 1132(a)(3) reviewed as motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

Accordingly, also several of the cases cited by the parties considered the issue of "statutory standing," to the extent it exists, such a challenge is not one properly brought as a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## C. Subject-Matter Jurisdiction – Federal-Question Jurisdiction

*Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515 (6th Cir. 2006), considers another aspect of subject-matter jurisdiction – whether the court has jurisdiction over a claim brought pursuant to a federal statute if the requested relief is unavailable under the statute. In other words, whether a court has federal-question jurisdiction if the plaintiff has not established all of the elements of the claim. *Id*. at 517. In *Primax*, the court addressed this exact question. The *Primax* plaintiff sought purely legal relief under 29 U.S.C. § 1332 (a)(3). *Id*. The defendant moved to dismiss, arguing that the court did not have jurisdiction because the plaintiff sought relief unavailable under the statute. *Id*. *Primax* held that the kind of relief sought was a "claim processing rule" which did not deprive the court of subject-matter jurisdiction; rather, it raised a question of whether the plaintiff had failed to state a claim upon which relief can be granted. *Id*. at 519, 520-21 ("[A] district court has subject-matter jurisdiction over an action ostensibly brought under 29 U.S.C. § 1132(a)(3) apparently solely for legal relief, even if that action fails to state a claim upon which relief can be granted."). The *Primax* court reasoned that in situations where "both the court's subject-matter jurisdiction and the substantive claim for relief are based on the same federal statute … 'Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.'" *Id.* at 519 (quoting *Steel Co. v. Citizens for a Better Env't*., 523 U.S. 83, 89 (1998)). The court went on to state that "[a]n ERISA claim can be non-frivolous (or sufficiently substantial) even it is 'unsuccessful and

possibly verging on foolhardy' in light of prior precedent barring the relief sought." *Id*. (citing *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999)).

The Sixth Circuit has relied upon the reasoning in *Primax* to uphold federal question jurisdiction in other similar contexts. In *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 463 F.3d 473, 476 (6th Cir. 2006), the court considered whether it had subject-matter jurisdiction to hear a claim for declaratory relief under 28 U.S.C. § 1132(a)(3). The court found that its ruling in *Primax* was dispositive and stated, "although only equitable relief can be granted under § 1132(a)(3)(B), federal subject matter jurisdiction nonetheless exists over claims brought under § 1132(a)(3) for other types of relief as well." *Id*. Similarly, in *Daft v. Advest Inc*., 658 F.3d 583, 593 (6th Cir. 2011), the Sixth Circuit, citing *Primax*, held that the existence of an ERISA plan was an element of the plaintiff's claim requiring a merits determination, not a jurisdictional prerequisite. The court held that "[F]ederal subject-matter jurisdiction lies over Plaintiffs' suit as long as they raise a colorable claim under ERISA." *Id* at 593. *See also, Med. Mut. of Ohio v. k. Amalia Enter., Inc*., 548 F.3d 393, 389 (6th Cir. 2008) ("Even if the contract rescission requested by [the plaintiff] were characterized as 'legal' relief and therefore failed to state a claim upon which relief could be granted, federal courts would nonetheless have subject-matter jurisdiction.") (citing *Primax*, 433 F.3d at 520-21).

Whether or not Plaintiff's requested relief is available under the statute is a question, not of jurisdiction, but of Plaintiff's ability to state a claim upon which relief can be granted. *See e.g*. *Primax*, 433 F.3d at 520-21; *Rodriguez*, 463 F.3d at 476; *Daft*, 658 F.3d at 593; *Hill*, 2009 U.S. Dist. LEXIS 26603 at * 24 (the question of what type of relief plaintiffs could seek under 29 U.S.C. § 1132(a)(3) was properly decided as a motion for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6)); *AultCare Corp. v. Mast*, No. 5:12CV972, 2013 WL 1284380 at **3-4 (N.D. Ohio Mar. 25, 2013) (applying *Primax*, "[t]he question of whether the complaint seeks equitable or legal relief is a question to be raised under Rule 12(b)(6)"); *James River Coal Co. Med. & Dental Plans v. Bentley*, 649 F. Supp. 2d 657 (E.D. Kent. 2009) ("failing to make a claim in equity under Section 1132(a)(3) of ERISA is not a jurisdictional defect but rather, is a failure to state a claim upon which relief can be granted") (citing *Primax*. 433 F.3d. at 519).

Applying the reasoning from *Primax*, Plaintiff has stated a non-frivolous claim under 29 U.S.C. § 1132(a)(3), and the Court has jurisdiction to hear that claim. Defendants arguments regarding available relief under the statute are not properly raised in a motion under Federal Rule of Civil Procedure 12(b)(1); they must be addressed in the context of a motion for failure to state a claim.

### III. CONCLUSION

For the reasons stated, the Court finds that it has subject-matter jurisdiction to adjudicate the pending claim. Accordingly, Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 59) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE